MARC J. WINTHROP – State Bar No. 63218
mwinthrop@winthropcouchot.com
SEAN A. O'KEEFE – State Bar No. 122417
sokeefe@winthropcouchot.com
PAYAM KHODADADI – STATE Bar No. 239906
pkhodadadi@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel for
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>BACCHUS DEVELOPMENT,<br>a California limited liability company,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 8:09-19457-RK<br><br>Chapter 11 Proceeding<br><br>**DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO 11 U.S.C. § 105 AND BANKRUPTCY RULE 1015(b); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DECLARATIONS OF STEPHEN J. MULLER AND MARC J. WINTHROP FILED CONCURRENTLY HEREWITH**<br><br>[11 U.S.C. § 105; Fed. R. Bankr. P. 1015; Local Bankr. Rules 1015-1 and 2081-1; Local General Order 02-02 for the United States Bankruptcy Court Central District of California]<br><br>[Identical Motions Filed in Related Cases]<br><br>[No Hearing Requested] |

Bacchus Development, a California corporation ("Bacchus Development" or "Debtor"), debtor and debtor-in-possession herein, hereby moves the Court, <u>on an emergency basis</u>, for an order authorizing the joint administration of its Chapter 11 estate with the following two additionally filed Chapter 11 cases:

| Debtor Name | Case No. | Petition Date |
|---|---|---|
| Bacchus Commercial, LLC a California limited liability company ("Bacchus Commercial") | | September __, 2009 |
| Bacchus Investment Group, LLC, a California limited liability company ("Bacchus Investment") | | September __, 2009 |

The Debtor, Bacchus Commercial and Bacchus Investment are collectively referred to as the "Related Debtors."

The Debtor requests that the order provide the following relief:

(1) Authorizing the Debtors to be jointly administered under the lead case of Bacchus Development.

(2) Authorizing the Related Debtors to use a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;

(3) Authorizing the Related Debtor to combine notices to creditors and parties in interest;

(4) Authorizing the Related Debtors to schedule joint hearings;

(5) Authorizing the Related Debtors to provide joint financial reporting;

(6) Authorizing joint and several liability of the estates of the Related Debtors for administrative expenses and the consolidated billing of professional fees;

(7) Authorizing joint handling of other administrative matters for the Related Debtors;

(8) Approving a notice, substantially similar to that attached as Exhibit "1" to the Declaration of Marc J. Winthrop ("Winthrop Declaration"), to be sent to all creditors and will be filed in each of the Related Debtors' cases; and

1       (9)    Authorizing the use of the use of the caption attached as Exhibit "2" to
2            Winthrop Declaration.

*Due to the urgent nature of the relief requested herein, Bacchus Development is not able to conform to the normal motion practice and requests that this Motion be granted, without notice or a hearing, in accordance with General Order 02-02 approved by the United States Bankruptcy Court for the Central District of California and Local Bankruptcy Rule 9075.*

This Motion is made on the basis of the concurrently filed Declaration of Stephen J. Muller, the Winthrop Declaration, the within points and authorities, and upon such other evidence as the Court elects to consider prior to or at the hearing on this matter, should the Court determine that a hearing is required.

DATED: September ___, 2009

WINTHROP COUCHOT
PROFESSIONAL CORPORATION

By: _____
    Marc J. Winthrop
    Sean A. O'Keefe
    Payam Khodadadi
[Proposed] Insolvency Counsel for Debtor and Debtor-in-Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL BACKGROUND

**A.     The Debtor and Related Entities.** The Debtor is a California corporation that is wholly owned Steven M. Bren. In addition, Bacchus Development also owns Bacchus Investment Group, LLC, and Bacchus Commercial, LLC.

Bacchus Development and its subsidiaries (collectively the "Bacchus Group") is one of the premier commercial real estate development firms in Orange County, California. Unlike many other commercial developers, Bacchus Development focuses on building smaller Class A commercial buildings for the owner-users. These buildings typically range in size from 5,000 to 20,000 square feet.

During the last five years the Bacchus Group has developed the following three projects within the Irvine Spectrum, which are relevant to the pending Chapter 11 cases of Bacchus Investment and Bacchus Commercial:

   1.     <u>Bacchus Office Park</u>. Bacchus Office Park ("BOP") is a twenty-two acre office park located at the intersection of Irvine Center Drive and Bake Parkway in Irvine, California, that is improved with seventy-nine commercial buildings and condominium units ranging in size from 1,000 to 20,000 square feet. All of the buildings within BOP are located on separately deeded parcels of land and they have all been sold.

   2.     <u>Jeffrey Office Park</u>. Jeffrey Office Park ("JOP") is a twenty acre office park located at the intersection of Jeffrey Road and the Interstate 5 freeway. Bacchus Commercial built fifty buildings within this park ranging in size from 5,000 square feet to 20,000 square feet. All of the buildings within JOP are located on separately deed parcels. Eighteen of the buildings within JOP have been sold. Bacchus Commercial holds title to the remaining thirty two buildings, two of which are leased and the others are actively being offered for sale.

The remaining buildings within JOP are subject to a first priority lien in favor of Union Bank. This lien secures the approximate sum of $43,000,000 owing under the terms of that certain Construction Loan dated July 7, 2006, entered into by and between Union Bank as lender

and agent, and Bacchus Commercial as borrower (the "JOP Loan"). Mr. Bren and Bacchus Development executed a payment guaranty in favor of Union Bank as additional security for the obligation incurred under the terms of the JOP Loan.

3. <u>Bacchus Signature Series</u>. Bacchus Signature Series ("BSS") is an eighteen acre office park located at the intersection of Irvine Center Drive and Lake Forest Drive. Bacchus Commercial built forty buildings within this park ranging in size from 5,000 square feet to 10,000 square feet. All of the buildings within BSS are located on separately deed parcels. Twenty nine of the buildings within BSS have been sold. Bacchus Commercial holds title to the remaining eleven buildings. Two of these building have been leased to third parties. The nine other buildings are vacant and they are actively being offered for sale.

The remaining buildings within BSS are subject to a first priority lien in favor of Union Bank. This lien secures the approximate sum of $12,000,000 owing under the terms of that certain Construction Loan dated November 10, 2006, entered into by and between Union Bank as lender and agent, and Bacchus Commercial as borrower (the "BSS Loan"). Mr. Bren and Bacchus Development executed a payment guaranty in favor of Union Bank as additional security for the obligation incurred under the terms of the BSS Loan.

The Related Debtors are all under common ownership and control, have the same management teams, use the same accounting systems, have similar lenders and creditors, have inter-company guarantees, and operate under the same company trade name.

**B.** **Events Precipitating The Chapter 11 Filing**. The severe decline in economic conditions experienced both nationally and locally in late 2008, coupled with the near collapse of the national credit markets in late 2008, reduced both sales velocities and pricing at both BSS and JOP. Although units continued to sell within both park, and the balances due under the terms of both the JOP Loan and the BSS Loan were reduced, collectively, by over $40,000,000, the BSS Loan matured in May of 2009, with a balance remaining unpaid. Although efforts were made to negotiate a reasonable forbearance arrangement with Union Bank, these efforts were unsuccessful. The bank elected to declare a default under all three of its loan arrangements and to file three lawsuits which, among other things, sought pre-judgment relief to pursue its

enforcement remedies. This forced the Debtor, Bacchus Investment and Bacchus Commercial to file the instant Chapter 11 proceeding in order to obtain a breathing spell within which to reorganize their affairs.

## II.

## THE NEED FOR EMERGENCY RELIEF

By this Motion, the Debtor is seeking to have its estate jointly administered with the bankruptcy estates of Bacchus Commercial and Bacchus Investment. The Debtor is <u>not</u> seeking substantive consolidation of the cases at this time. Joint administration of these cases will allow the Related Debtors' parties-in-interest to benefit from increased efficiency because they will not be required to review and separately respond to similar motions, disclosure statements, and other papers that would otherwise be filed in the separate cases. Moreover, joint administration will potentially save the estates tens of thousands of dollars in administrative fees and costs as well as save the Court numerous man-hours in setting and hearing matters and in reviewing three separate sets of virtually identical pleadings.

The factual basis for granting the relief requested herein is clear. Furthermore, procedural authorization for granting this Motion on an emergency basis is found in Local Bankruptcy Rules 1015-1 and 2081-1. The Debtor respectfully submits that, on the facts of this case, emergency relief is both necessary and appropriate and will benefit substantially the Related Debtors' estates. Accordingly, the Debtor respectfully requests that the Court grant this Motion, on an emergency basis.

## III.

## THE COURT HAS THE AUTHORITY TO ORDER
## JOINT CONSOLIDATION OF CASES

Rule 1015 of the Federal Rules of Bankruptcy Procedure provides for the joint administration of related bankruptcy cases. Rule 1015 provides, in pertinent part as follows:

> (b) Cases Involving Two or More Related Debtors. If ... two or more petitions are pending in the same court by or against ... (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates. ...

-6-

Fed.R.Bankr.P. 1015(b).[1]

The legislative history of Rule 1015 provides that:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

See, 1983 Advisory Committee Note to Fed. R. Bankr. P. 1015(b).

The noted treatise on bankruptcy law, Collier on Bankruptcy, provides as follows:

> Federal Rule of Bankruptcy Procedure 1015(b) permits the court to order joint administration of cases pending against related entities. These include ... a debtor and an affiliate." The term "affiliate" is defined in section 101 of the Bankruptcy Code, and includes parents and subsidiaries of a debtor, as well as certain entities that operate or are operated by a debtor.
>
> In each of these situations, the affairs of the related debtors may be sufficiently intertwined to make joint administration more efficient and economical than separate administration. Typically, an order for joint administration will mean the appointment of a single trustee or, in a chapter 11 case, a single creditors' committee, rather than a trustee and committee for each related case. Obviously, this can lead to substantial efficiencies and savings of estate funds. ...
>
> Joint administration is common when a consolidated group of corporations files for bankruptcy relief. Particularly in chapter 11, the success of one affiliate's reorganization effort may depend on the success of the other affiliates' efforts. ...

Collier on Bankruptcy, ¶ 1015.03 (15th ed. rev. 2001). (Emphasis added.).

In this regard, the Court in Matter of Steury, 94 B.R. 553 (Bankr. N.D. Ind. 1988), stated as follows:

> Joint administration is a creature of procedural convenience. It is justified by the laudable desire to avoid the wasting of resources, which would result through the duplication of effort if cases involving related debtors were to proceed entirely separately.

Id. at 553. See also, David G. Epstein, et al., Bankruptcy, § 2-4 (1992) ("Joint administration does not affect the substantive rights of creditors and other interested parties. In joint administration, unlike substantive consolidation, the estate of each debtor is kept separate and distinct and inter-entity claims survive. The creditors of each jointly administered entity may look only to the assets of their debtor.").

---

[1] The term "affiliate" is defined in section 101 of the Bankruptcy Code, and includes parents and subsidiaries of a debtor, as well as certain entities that operate or are operated by a debtor.

-7-

As set forth in <u>Collier on Bankruptcy</u>, an order authorizing joint administration contemplates the following relief:

 (1) combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;
 (2) the combining of notices to creditors and parties in interest;
 (3) the scheduling of hearings;
 (4) financial reporting by the Debtors;
 (5) the joint and several liability of the estates for administrative expenses; and
 (6) the joint handling of other administrative matters.

<u>See</u>, <u>Collier on Bankruptcy</u>, Forms 8.92-1, 8.92-4, and 8.92-5, reprinted in <u>Collier on Bankruptcy</u> 15th Ed. Rev. (2001).

The Related Debtors' cases present the classic situation for joint administration. The Debtor anticipates that numerous similar, if not identical, applications, motions and orders will be involved in the Related Debtors' cases. Joint administration will avoid wasting resources that would result through duplication of effort if the cases involving the Related Debtors were to proceed separately. The Related Debtors' creditors stand to benefit from the increased efficiency of administration anticipated through joint administration because they will not be required to review and separately respond to substantially similar motions, disclosure statements, and other pleadings that would otherwise be filed in separate cases. Joint administration will permit the Related Debtors to respond more efficiently to the demands of their creditors, and will reduce attorneys' fees, copying costs, mailing costs and other costs of administering the cases. Moreover, through joint administration of the Related Debtors' cases, this Court and the Bankruptcy Court Clerk's office will be relieved of the burden of having to file and maintain dockets and case files for numerous duplicative pleadings in the Related Debtors' cases.

Finally, the Debtor proposes that the Related Debtors' estates be jointly liable for administrative expenses. This would include professional fees such that all fees and expenses be charged to the main case and only one joint fee procedures and application need be filed by any professional.

# IV.

# CONCLUSION

For the foregoing reasons, the Debtors respectively request that the Court grant the relief prayed for herein.

DATED: September 4, 2009

WINTHROP COUCHOT
PROFESSIONAL CORPORATION

By: /s/
Marc J. Winthrop
Sean A. O'Keefe
Payam Khodadadi
[Proposed] Insolvency Counsel for Debtor and
Debtor-in-Possession

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as**) DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO 11 U.S.C. § 105 AND BANKRUPTCY RULE 1015(b); MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 4, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Michael J Hauser    michael.hauser@usdoj.gov
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Marc J Winthrop    pj@winthropcouchot.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 4, 2009 | Viann Corbin | /s/ Viann Corbin |
|---|---|---|
| Date | Type Name | Signature |

-10-

MAINDOCS-#133239-v1-BacchusDevelopmentMotJointAdmin.DOC