1 | MARC J. WINTHROP – State Bar No. 63218
mwinthrop@winthropcouchot.com
2 | SEAN A. O'KEEFE – State Bar No 122417
sokeefe@winthropcouchot.com
3 | **WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
4 | 660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
5 | Telephone: (949) 720-4100
Facsimile: (949) 720-4111
6 |
| [Proposed] General Insolvency Counsel for
7 | Debtors and Debtors-in-Possession

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SANTA ANA DIVISION**

11 |

12 | In re:

13 | ☒  BACCHUS DEVELOPMENT, INC.
14 | ☒  BACCHUS INVESTMENT GROUP, LLC
☒  BACCHUS COMMERCIAL, LLC
15 |

16 |      Debtors and
17 |      Debtors-in-Possession.

Case No.   8:09-19457 RK
Jointly Administered with Case Nos.
8:09-19460 RK; and 8:09-15462 RK

Chapter 11 Proceedings

**APPLICATION OF DEBTORS AND
DEBTORS IN-POSSESSION FOR
AUTHORITY TO EMPLOY
WINTHROP COUCHOT
PROFESSIONAL CORPORATION AS
GENERAL INSOLVENCY COUNSEL;
MEMORANDUM OF POINTS AND
AUTHORITIES; AND DECLARATION
IN SUPPORT THEREOF**

[11 U.S.C. §§ 327 and 328]

[No Hearing Set]

18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

MAINDOCS-#133924-v1-BacchusAppEmpWC.DOC

1   Bacchus Commercial, LLC ("Commercial") and related debtors Bacchus Investment, LLC

2   ("Investment"), and Bacchus Development ("Development"), the jointly administered Debtors

3   and Debtors in Possession (collectively "the Debtors"), hereby apply to this Court for an order

4   authorizing them to employ Winthrop Couchot Professional Corporation (the "Firm") as their

5   general insolvency counsel. This Application is made and based upon the attached Memorandum

6   of Points and Authorities and the Declaration of Marc J. Winthrop (the "Declaration"), and upon

7   any additional evidence, both oral and documentary, that may be presented to the Court at or

8   before the time of the hearing on this Application, if any should be held.

9   In support of this Application, the Debtors respectfully represents as follows:

10  1.      On September 4, 2009, each of the Debtors filed a petition under Chapter 11 of the

11  Bankruptcy Code.

12  2.      **The Debtors**. Commercial and Investment are California limited liability

13  companies. Development and Steven M. Bren are the sole members of these entities. Bren owns

14  all of the common stock of Development

15  Development is one of the premier commercial real estate development firms in Orange

16  County, California. The company focuses on developing smaller Class A commercial buildings

17  for the owner-user tenant. These buildings typically range in size from 5,000 to 20,000 square

18  feet.

19  3.      By this Application, the Debtors seek to employ the Firm to serve as their general

20  insolvency counsel in these cases, at the expense of the Debtors' estates.

21  4.      The Firm is comprised of attorneys who specialize in insolvency, bankruptcy and

22  corporate reorganization, and is well qualified to represent the Debtors in these case. All

23  attorneys comprising or associated with the Firm who will render services in the Debtors' cases

24  are duly admitted to practice law in the courts of the State of California and in the United States

25  District Court for the Central District of California.

26  5.      The Debtors require the services of the Firm to render to the Debtors the following

27  types of professional services:

28

(a)    To advise and assist the Debtors with respect to compliance with the requirements of the Office of the United States Trustee ("U.S. Trustee");

(b)    To advise the Debtors regarding matters of bankruptcy law, including the rights and remedies of the Debtors in regard to their assets and to the claims of their creditors;

(c)    To represent the Debtors in any proceedings or hearings in this Court and in any proceedings in any other court where the Debtors' rights under the Bankruptcy Code may be litigated or affected;

(d)    To conduct examinations of witnesses, claimants, or adverse parties and to prepare, and to assist the Debtors in the preparation of, reports, accounts, and pleadings related to the Debtors' cases;

(e)    To advise the Debtors concerning the requirements of the Bankruptcy Court, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules;

(f)    To file any motions, applications or other pleadings appropriate to effectuate the reorganization of the Debtors;

(g)    To review claims filed in the Debtors' cases, and, if appropriate, to prepare and file objections to disputed claims;

(h)    To assist the Debtors in the negotiation, formulation, confirmation, and implementation of a Chapter 11 plans including the sale, if any, of their assets; and

(i)    To take such other action and perform such other services as the Debtors may require of the Firm in connection with their Chapter 11 case.

6.    The Debtors and the Firm have agreed, subject to the Court's approval, to the terms of the Firm's employment in these cases. These terms are set forth in the legal services retainer agreements ("Retainer Agreements"), entered into by and between the Debtors and the Firm. A true and complete copy of the Retainer Agreements are collectively attached as Exhibit "1" to the Declaration.

7.    Except as specifically stated in the Declaration, to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any

connection with the Debtors, their accountants, nor do they have, in this case, any connection with the Debtors' creditors, or any other party-in-interest, or their respective attorneys or accountants. Furthermore, except as disclosed in the Declaration, the Firm does not have an interest adverse to the Debtors or their estates (11 U.S.C. § 327). As of the Petition Date, the Firm was not a creditor of the Debtors and was not owed any funds by the Debtors.

8.      The Firm will render services to the Debtors at the Firm's regular hourly rates, which may be subject to adjustment from time to time. The current hourly rates are set forth in the Declaration filed in support of this Application.

9.      The Firm has received a retainer from Development in the amount of $275,000.00 (the "Retainer") prior to the filing of these cases. It is the Firm's understanding that the amount of the Retainer was provided to Development by its sole shareholder, Steven Bren. The Retainer is intended to cover a portion of the Firm's post-petition fees and costs in these cases. The Firm will prepare an accounting to determine the fees and costs that were incurred pre-petition, and if the Retainer exceeds such pre-petition amounts, the Firm will deposit such amount into the Firm's general account, and the balance of the Retainer will be disbursed only pursuant to the provisions of this Application and the Court's order with respect to this Application. Pursuant to its fee agreement, the Firm claims a security interest in any unused portion of the Retainer.

10.     The Retainer will remain on deposit in the Firm's client trust account, and no disbursements will be made therefrom, except in accordance with the provisions of the Guide to Application for Employment of Professionals and Treatment of Retainer promulgated by the Office of the United States Trustee ("Fee Guide"). The Firm hereby requests that it be authorized to draw down on the Retainer, on a monthly basis, by complying with the provisions of the Fee Guide with respect thereto.

11.     Once the retainer has been exhausted, the Debtors have agreed to fund, on a monthly basis, subject to the Debtors' right to use cash collateral, an amount equal to the greater of the fees and costs actually incurred by the Firm, or provided for in any cash collateral budget approved by the Court ("Monthly Payments"). In connection therewith, the Firm requests that it be authorized to obtain Monthly Payments from the Debtors. The Firm will hold any funds paid

1  by the Debtors pursuant to this paragraph in trust pending the Firm's compliance with the monthly

2  Professional Fee Statement procedure set forth below.  The Firm will file with the Court a

3  monthly Professional Fee Statement, attaching a copy of the Firm's monthly invoice with respect

4  to fees for professional services rendered to the Debtors, and for reimbursement of expenses

5  incurred on behalf of the Debtors, and serve copies of the invoice on the Debtors, the Office of the

6  United States Trustee, and all creditors and parties in interest entitled to notice.  If no written

7  objection is filed with respect to the amount of the Firm's monthly invoice within ten (10) days

8  after the service of such invoice on the various parties-in-interest, the Debtors shall pay the

9  monthly invoices.  If a written objection to the Firm's monthly invoices is filed by a party-in-

10  interest, the Debtors will refrain from paying the disputed portion, or if such portion cannot be

11  determined, then the Debtors shall refrain from paying the entire invoice until the Court has

12  resolved the objection.  The Firm may file an application with the Court seeking allowance of its

13  fees and costs incurred to date and paid pursuant to such monthly payment procedure.

14        12.      The Firm intends to apply to this Court for compensation in conformity with the

15  requirements of Bankruptcy Code Sections 328, 330 and 331.  The Firm understands that any

16  compensation in this case to be paid from funds that are property of the Debtors' estates is subject

17  to approval of this Court.  No funds paid to the Firm pursuant to the proposed monthly payment

18  procedure will be deemed to be allowed by the Court.  All funds paid to the Firm pursuant to the

19  proposed monthly payment procedure will be subject to allowance by the Court, upon appropriate

20  application and noticed hearing.

21        13.      At the conclusion of the case, the Firm will file an appropriate application seeking

22  final allowance of all fees and costs, regardless of whether interim compensation has been paid to

23  the Firm.  Upon allowance of such fees and costs, the Debtors will pay to the Firm the difference

24  between the amounts allowed to the Firm and any interim compensation paid to the Firm.

25        14.      The Debtors and the Firm understand and agree that the proposed compensation

26  arrangement is subject to the provisions of Section 328 of the Bankruptcy Code, which authorizes

27  this Court to allow compensation different from what is provided herein if the fee arrangement

28  provided for herein appears, in retrospect, to have been improvident in light of developments

unanticipated at the outset of these cases.  [11 U.S.C. §328(a)].  The Firm understands and agrees that, if aggregate interim payments made to the Firm exceed the amount that is ultimately allowed to the Firm, the Firm will be required to, and will, promptly repay to the Debtors such difference.

15.    Except as set forth in the Declaration, to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, have any connection with the Debtors, the Debtors' creditors, or any other party-in-interest in the Debtors' cases, or their respective attorneys or accountants.  The Firm is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code.  Furthermore, except as disclosed in the Declaration, the Firm does not have an interest adverse to the Debtors or their estates in accordance with the provisions of Section 327 of the Bankruptcy Code.  The Firm is not a creditor of the Debtors' estates and is not owed any funds by the Debtors.

16.    As set forth in the Declaration, none of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the U.S. Trustee, or to any person employed by the U.S. Trustee.

17.    The Firm has not agreed to share with any person or entity any compensation received by the Firm in the Debtors' cases, except as among the members of the Firm.

**WHEREFORE**, the Debtors pray that the Court enter its order as follows:

1.    Authorizing the Debtors, based upon the foregoing and pursuant to Sections 327 and 328 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ the Firm as their general insolvency counsel, effective as of the commencement of this case (September 4, 2009), with the compensation of the Firm to be in accordance with the terms set forth herein;

2.    Authorizing the Firm to obtain monthly compensation of its fees and costs in the Debtors' cases in accordance with the terms set forth herein;

3.    Authorizing the Firm's employment pursuant to the terms of the Retainer Agreement; and

///

4.      Granting to the Firm such other and further relief as the Court deems just
and appropriate.

Dated:  September __, 2009                   BACCHUS DEVELOPMENT, INC.

                                             By: _____
                                                   Steven M. Bren, President

Dated:  September __, 2009                   BACCHUS COMMERCIAL, LLC

                                             By: _____
                                                   Steven M. Bren, President of Bacchus
                                                   Development, Inc., Managing Member

Dated:  September __, 2009                   BACCHUS INVESTMENT GROUP, , LLC

                                             By: _____
                                                   Steven M. Bren, President of Bacchus
                                                   Development, Inc., Managing Member

**PRESENTED BY:**

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By: _____
       Marc J. Winthrop
       Sean A. O'Keefe
[Proposed] General Insolvency Counsel
for Debtors and Debtors-in-Possession

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.**

<u>**THE BANKRUPTCY CODE AUTHORIZES THE**</u>

<u>**DEBTOR TO EMPLOY PROFESSIONALS**</u>

Section 327 of the Bankruptcy Code, which governs employment of professional persons, provides, in pertinent part, as follows:

> . . . the trustee[1], with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

Except for certain limitations not applicable here, a debtor has all of the rights and powers of, and performs all of the functions and duties of, a trustee in a Chapter 11 case.  11 U.S.C. § 1107(a).  "Disinterested persons" are defined in Section 101(14) as follows:

> "disinterested person" means [a] person that -
> (A) is not a creditor, an equity security holder, or an insider . . .
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor . . . or for any other reason . . .

11 U.S.C. § 101(14).

Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") mandates that a professional seeking approval of its employment by the bankruptcy estate disclose "any proposed arrangement for compensation" and "all of the person's connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, [and] the United States Trustee."  All facts pertinent to a court's determination of whether the professional is disinterested or holds an interest adverse to the estate must be disclosed.  The professional is required to make a full, candid and complete disclosure in its application for employment.  See, In

---

[1] Except for certain limitations not applicable here, a debtor has all of the rights and powers of, and performs all of the functions and duties of, a trustee in a Chapter 11 case.  11 U.S.C. § 1107(a).

1  re Lotus Properties LP, 200 B.R. 388, 391 (Bankr. C.D. Cal. 1996) (citing In re Park Helena

2  Corp., 63 F.3d 877, 880-82 (9th Cir. 1995)); In re Gire, 107 B.R. 739, 746 (Bankr. E.D. Cal.

3  1989); Fed.R.Bankr.P. 2014.

4      Here, neither the Firm nor any professionals who are members of the Firm hold any

5  interest adverse to the interests of the Debtors' estates.  In addition, except as stated in the

6  Declaration, the Firm is not a creditor, equity security holder or insider of, and does not have an

7  interest materially adverse to the estate, and, accordingly, is disinterested.  Moreover, the Firm has

8  satisfied the disclosure requirements imposed by the Bankruptcy Code and Bankruptcy Rules.

9  Based on the foregoing, this Court may authorize the proposed employment of the Firm as general

10  insolvency counsel to the Debtors pursuant to Bankruptcy Code Section 327(a).

11                                                    **II.**

12                    **THE MONTHLY PAYMENT PROCEDURE PROPOSED BY THE**

13                    **FIRM IS APPROPRIATE AND SHOULD BE APPROVED BY THIS COURT**

14      Professionals can be compensated in accordance with monthly payment procedures

15  without a bankruptcy court's prior allowance of the professional's fees and costs.  In re Knudsen,

16  84 B.R. 668 (Bankr. 9th Cir. 1988); In re Lotus Properties LP, 200 B.R. at 396-98.  In Knudsen,

17  the Ninth Circuit Bankruptcy Appellate Panel ("BAP") reasoned that, since Section 328(a) of the

18  Bankruptcy Code allows a bankruptcy court to authorize professionals to receive as compensation

19  a retainer, which contemplates payment of a lump sum at the beginning of a case or periodically

20  thereafter, "[i]t makes little sense that the court could allow payment of a lump sum or periodic

21  retainer before fees are earned, but not after."  Id. at 671.  The circumstances under which such

22  arrangements may be approved, as articulated by the BAP in Knudsen, are as follows: (1) the case

23  is unusually large; (2) an extended waiting period for payment would place an undue hardship on

24  counsel; (3) counsel can respond to any reassessment; and (4) the payment procedure itself is

25  subject to a noticed hearing.  Id. at 672-73.  The Firm believes that the proposed monthly payment

26  procedure in this case is appropriate under Sections 328(a), 330 and 331 of the Bankruptcy Code,

27  and is consistent with the BAP's decision in the Knudsen case.

28      The fact that the Debtors' cases may not be as large as the Knudsen case should not

1  preclude the Firm from being able to obtain monthly payment of its fees and costs in the

2  Debtors' cases.  See, Lotus Properties, 200 B.R. 388 at 397-398 (the "message" behind Knudsen

3  and the intent of the U.S. Trustee Guidelines are satisfied by allowing counsel to obtain monthly

4  post-petition payments, notwithstanding the fact that the size of Chapter 11 case is smaller than

5  Knudsen).  Similarly, in In re Jefferson Business Center Associates, the bankruptcy court stated

6  as follows:

7        "While it is often the case that post-petition Retainer and the ability to
       draw against such Retainer are granted in large bankruptcy case, and
8        usually to large law firms, this Court sees no reason to treat smaller law
       firms any differently where the facts and circumstances of the case
9        warrant the payment of a post-petition retainer.  A smaller law firm can
       and often does face the same, or perhaps greater, burdens, costs,
10       inconvenience, and financial strain, as does a larger firm if it is unable to
       receive a retainer.  A small firm should not be treated any differently, as
11       long as it meets all of the criteria referenced above."

12  Jefferson Business Center Associates, 135 B.R. at 680.

13        **A.    Requiring The Firm To Wait An Extended Period Of Time For Payment Of**

14        **Its Fees In The Debtor's Case May Cause Undue Hardship To The Firm.**

15        As set forth in the Declaration, prior to the Petition Date, the Firm received $275,000.00

16  from the principal of the Debtors.  Without a monthly payment procedure in this case, the Firm

17  may suffer undue hardship. As set forth in the Declarations, the Firm anticipates that the Firm will

18  be required to devote significant time to assisting the Debtors in these Chapter 11s. The Debtors

19  must identify buyers quickly and expeditiously.  Thus, the Debtors' efforts to maximize value in

20  these cases will require substantial initial involvement by the Firm.  The Firm anticipates that two

21  of the ten attorneys of the Firm and the Firm's paralegal will be required to devote a relatively

22  significant amount of their billing time to the representation of the Debtors.

23        In addition to the foregoing, the nature of the Debtors' financial affairs supports the

24  approval of monthly payment procedures in this case.  The Debtors cannot afford to linger in

25  Chapter 11 for any period of time.  The Firm will need to devote substantial time and resources to

26  the Debtors' cases, without monthly payment procedures, the Firm's fees will be "at risk."  The

27  Firm should not be required to effectively finance the administration of the Debtors' cases.

28        Due to the size of the Firm and the nature of the required commitment of the Firm's

1  resources to the Debtors' cases, requiring the Firm to wait for periods of at least 120 days to obtain

2  payment of its fees pursuant to Section 331 of the Bankruptcy Code may place undue hardship on

3  the Firm.  It would be burdensome for the Firm if it were effectively required to "finance" the

4  Debtor's reorganization efforts in this case, at the Firm's financial risk.  A monthly payment

5  arrangement is necessary to ameliorate the financial hardships that otherwise would be imposed

6  upon the Firm in these cases.

7       **B.    The Firm Will Be Able To Respond To Any Reassessment Of Fees Ordered**

8            **By This Court.**

9            As set forth in the Declaration, the Firm will be able to respond to any order entered by

10  this Court reassessing fees paid to the Firm pursuant to the requested monthly payment

11  procedure.  The Firm and the shareholders of the Firm have the ability to respond to any such

12  reassessment of fees paid to the Firm.  The Firm is one of the preeminent bankruptcy law firms

13  in Southern California, and has operated continuously in Orange County since January 1995.

14  Marc J. Winthrop of the Firm has more than 25 years of experience in the local bankruptcy

15  community.  The Firm has never been unable to respond to any court-ordered reassessments of

16  its fees.  The Firm understands that its ultimate compensation in these cases is subject to the

17  provisions of Sections 330 and 331 of the Bankruptcy Code, and is prepared to respond to any

18  such reassessment.  In short, the Firm's longevity and financial stability attest to the fact that it

19  will be able to respond to any Court-ordered reassessment of fees in these cases.

20       **C.    The Fee Procedures Will Be The Subject Of Notice to Creditors.**

21            As is evidenced by the proof of service submitted concurrently with the Notice to

22  Creditors of this Application, notice of the monthly payment procedures requested by this

23  Application was provided to each of the Debtor's twenty largest creditors, their secured

24  creditors, to the Office of the U.S. Trustee and to all parties who have requested special notice.

25  Such parties have been provided with an opportunity to obtain a hearing on this Application if

26  they object to the relief requested hereby.

27            The monthly payment procedure provided for by this Application is very similar to the

28  monthly payment procedure approved by the BAP in the Knudsen case and meets the

1  requirements established by the BAP in the <u>Knudsen</u> case for authorizing monthly payment

2  procedures. <u>First</u>, the monthly payment procedure provided for by this Application allows for

3  ample scrutiny of the Firm's fees and costs by creditors and by this Court. The fees and costs

4  paid to the Firm on a monthly basis are not automatically deemed allowed by this Court.

5  Instead, the Firm is required to apply for allowance of its fees and costs in accordance with the

6  requirements of the Bankruptcy Code. The scrutiny of the Firm's fees by creditors and this

7  Court, therefore, remains undiminished by the monthly payment procedure proposed herein.

8  <u>Second</u>, in the event that any fees and costs paid on a monthly basis to the Firm are not

9  ultimately allowed by this Court, the Firm can and will repay to the Debtors the amount thereof.

10  <u>See</u>, the Declaration.

11       By virtue of the foregoing, the Debtors believe that the monthly payment procedure

12  provided for by this Application satisfies the requirements articulated by the <u>Knudsen</u> decision.

13                                            **III.**

14       **<u>NOTICE OF THE APPLICATION IS APPROPRIATE, AND NO</u>**

15       **<u>FURTHER HEARING IN RESPECT OF THE APPLICATION IS</u>**

16       **<u>REQUIRED, UNLESS SUCH HEARING IS ORDERED BY THIS</u>**

17       **<u>COURT OR SPECIFICALLY REQUESTED BY A PARTY-IN-INTEREST</u>**

18       As is evidenced by the proof of service submitted concurrently with the Notice to

19  Creditors of this Application, notice of the relief requested by this Application has been provided

20  to each of the Debtor's twenty largest creditors, their secured creditors, to the U.S. Trustee's

21  Office and to all parties who have requested special notice. Such parties have been provided with

22  an opportunity to obtain a hearing on this Application if they object to the relief requested hereby.

23  Consequently, the Firm has complied fully with the Court's Local Rules.

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.

### CONCLUSION

Based upon the foregoing, the Debtor respectfully submits that good cause exists for this

Court to authorize the Debtor to employ the Firm as its general insolvency counsel in this

Chapter 11 case on the terms and conditions set forth herein.

DATED:  September 30, 2009

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By: _____
Marc J. Winthrop
Sean A. O'Keefe
[Proposed] General Insolvency Counsel
for Debtors and Debtors-in-Possession

## **DECLARATION OF MARC J. WINTHROP**

I, Marc J. Winthrop, declare and state as follows:

1.      The matters stated herein are true and correct and within my personal knowledge. If called as a witness, I could and would competently testify thereto.  I am a shareholder in the law firm of Winthrop Couchot Professional Corporation (the "Firm"), and am authorized to and make this declaration on behalf of the Firm.

2.      This Declaration is provided in support of the Application of Debtors and Debtors in Possession for Authority to Employ Winthrop Couchot Professional Corporation as General Insolvency Counsel ("Application").  I have reviewed the Application and, to the best of my knowledge, the factual representations contained therein are materially true and correct.

3.      The Firm is comprised of attorneys who specialize in insolvency, bankruptcy and corporate reorganization, and is well qualified to represent the Debtors in these cases.  All attorneys comprising or associated with the Firm who will render services in the Debtors' cases are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California.

4.      The Debtors requires the Firm to render to the Debtors the following types of professional services:

      (a)      To advise and assist the Debtors with respect to compliance with the requirements of the Office of the United States Trustee ("U.S. Trustee");

      (b)      To advise the Debtors regarding matters of bankruptcy law, including the rights and remedies of the Debtors in regard to its assets and to the claims of their creditors;

      (c)      To represent the Debtors in any proceedings or hearings in this Court and in any proceedings in any other court where the Debtors' rights under the Bankruptcy Code may be litigated or affected;

      (d)      To conduct examinations of witnesses, claimants, or adverse parties and to prepare, and to assist the Debtors in the preparation of, reports, accounts, and pleadings related to the Debtors' cases;

1      (e)    To advise the Debtors concerning the requirements of the Bankruptcy Court,

2    the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules;

3      (f)    To file any motions, applications or other pleadings appropriate to effectuate

4    the reorganization of the Debtors;

5      (g)    To review claims filed in the Debtors' cases, and, if appropriate, to prepare

6    and file objections to disputed claims;

7      (h)    To represent the Debtors in litigation brought in the Bankruptcy Court

8    affecting the Debtors, as may be requested by the Debtors;

9      (i)    To assist the Debtors in the negotiation, formulation, confirmation, and

10    implementation of a Chapter 11 plan including the sale, if any, of its assets; and

11      (j)    To take such other action and perform such other services as the Debtors

12    may require of the Firm in connection with their Chapter 11 cases.

13      5.    The Debtors and the Firm have agreed, subject to the Court's approval, to the

14    terms of the Firm's employment in these cases.  These terms are set forth in the legal services

15    retainer agreements ("Retainer Agreements"), entered into by and between each of the Debtors

16    and the Firm.  True and complete copies of the Retainer Agreements are collectively attached

17    hereto as Exhibit "1."

18      6.    Except as specifically set forth immediately above, to the best of the Firm's

19    knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any

20    connection with the Debtors, their accountants, nor do they have, in these case, any connection

21    with the Debtors' creditors, or any other party-in-interest, or their respective attorneys or

22    accountants. Furthermore, the Firm does not have an interest adverse to the Debtors or their

23    estates (11 U.S.C. § 327).  As of the Petition Date, the Firm was not a creditor of the Debtors

24    and was not owed any sums by the Debtors.

25      7.    KPRS is a general unsecured creditor of one of the Debtors.  As a matter of

26    disclosure, in 2006 the Firm represented KPRS Construction Services, Inc. ("KPRS").  The

27    Firm' represented KPRS as a defendant and cross-complainant in an avoidance action brought

28    by the Chapter 7 Trustee of the estate of Cal-State Electric Construction Corp., case No. 1:04-

1    bk-14727 GM.  The matter was settled pursuant to an order of the Court entered March 11,

2    2008.  The Firm's representation of KPRS was limited to that specific matter and has not

3    represented KPRS since the matter was concluded over a year ago.

4         8.    The Firm will render services to the Debtors at the Firm's regular hourly rates,

5    which may be subject to adjustment from time to time.  The current hourly rates, which may be

6    subject to adjustment in the future, are set forth hereinbelow.

7         9.   The Firm has received a retainer from Development in the amount of $275,000.00 (the

8    "Retainer") prior to the filing of these cases.  It is the Firm's understanding that the amount of the

9    Retainer was provided to Development by its sole shareholder, Steven Bren.  The Retainer is

10   intended to cover a portion of the Firm's post-petition fees and costs in these cases.  The Firm will

11   prepare an accounting to determine the fees and costs that were incurred pre-petition, and if the

12   Retainer exceeds such pre-petition amounts, the Firm will deposit such amount into the Firm's

13   general account, and the balance of the Retainer will be disbursed only pursuant to the provisions

14   of this Application and the Court's order with respect to this Application.  Pursuant to its fee

15   agreement, the Firm claims a security interest in any unused portion of the Retainer.

16        10. The Retainer will remain on deposit in the Firm's client trust account, and no

17   disbursements will be made therefrom, except in accordance with the provisions of the Guide to

18   Application for Employment of Professionals and Treatment of Retainer promulgated by the

19   Office of the United States Trustee ("Fee Guide").  The Firm hereby requests that it be authorized

20   to draw down on the Retainer, on a monthly basis, by complying with the provisions of the Fee

21   Guide with respect thereto.

22        11. The Debtors have agreed to fund, on a monthly basis, subject to the Debtors' right to

23   use cash collateral, an amount equal to the greater of the fees and costs actually incurred by the

24   Firm, or provided for in any cash collateral budget approved by the Court ("Monthly Payments").

25   In connection therewith, the Firm requests that it be authorized to obtain Monthly Payments from

26   the Debtors.  The Firm will hold any funds paid by the Debtors pursuant to this paragraph in trust

27   pending the Firm's compliance with the monthly Professional Fee Statement procedure set forth

28   below.  The Firm will file with the Court a monthly Professional Fee Statement, attaching a copy

1   of the Firm's monthly invoice with respect to fees for professional services rendered to the

2   Debtors, and for reimbursement of expenses incurred on behalf of the Debtors, and serve copies of

3   the invoice on the Debtors, the Office of the United States Trustee, and all creditors and parties in

4   interest entitled to notice. If no written objection is filed with respect to the amount of the Firm's

5   monthly invoice within ten (10) days after the service of such invoice on the various parties-in-

6   interest, the Debtors shall pay the monthly invoices. If a written objection to the Firm's monthly

7   invoices is filed by a party-in-interest, the Debtors will refrain from paying the disputed portion,

8   or if such portion cannot be determined, then the Debtors shall refrain from paying the entire

9   invoice until the Court has resolved the objection. The Firm may file an application with the

10  Court seeking allowance of its fees and costs incurred to date and paid pursuant to such monthly

11  payment procedure.

12      12. The Firm intends to apply to this Court for compensation in conformity with the

13  requirements of Bankruptcy Code Sections 328, 330 and 331. The Firm understands that any

14  compensation in this case to be paid from funds that are property of the Debtors' estates is subject

15  to approval of this Court. No funds paid to the Firm pursuant to the proposed monthly payment

16  procedure will be deemed to be allowed by the Court. All funds paid to the Firm pursuant to the

17  proposed monthly payment procedure will be subject to allowance by the Court, upon appropriate

18  application and noticed hearing.

19      13. At the conclusion of the case, the Firm will file an appropriate application seeking final

20  allowance of all fees and costs, regardless of whether interim compensation has been paid to the

21  Firm. Upon allowance of such fees and costs, the Debtors will pay to the Firm the difference

22  between the amounts allowed to the Firm and any interim compensation paid to the Firm.

23      14. The Debtors and the Firm understand and agree that the proposed compensation

24  arrangement is subject to the provisions of Section 328 of the Bankruptcy Code, which authorizes

25  this Court to allow compensation different from what is provided herein if the fee arrangement

26  provided for herein appears, in retrospect, to have been improvident in light of developments

27  unanticipated at the outset of these cases. [11 U.S.C. §328(a)]. The Firm understands and agrees

28

that, if aggregate interim payments made to the Firm exceed the amount that is ultimately allowed to the Firm, the Firm will be required to, and will, promptly repay to the Debtors such difference.

15.    The Firm has not shared or agreed to share any compensation to be received by it in the case with any other person, except as among members of the Firm.

16.    To the best of the Firm's knowledge, and as set forth herein, none of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person employed in the Office of the United States Trustee.

17.    Immediately below is a list of the professionals employed by the Firm and their current hourly rates:

| **Attorneys** | **Hourly Rates** |
| --- | --- |
| Marc J. Winthrop | $ 650.00 |
| Robert E. Opera | 625.00 |
| Sean A. O'Keefe – Of Counsel | 625.00 |
| Paul J. Couchot | 595.00 |
| Richard H. Golubow | 450.00 |
| Peter W. Lianides | 450.00 |
| Garrick A. Hollander | 450.00 |
| Charles Liu | 425.00 |
| Kavita Gupta, Of Counsel | 350.00 |
| Payam Khodadadi | 350.00 |
| Lindy Herman | 250.00 |
| **Legal Assistants** | |
| P.J. Marksbury | 205.00 |
| Legal Assistant Associates | 95.00 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30th day of September 2009 at Newport Beach, California.

Marc J. Winthrop

# EXHIBIT "1"



Paul J. Couchot
Richard H. Golubow
Kavita Gupta*
Garrick A. Hollander
Payam Khodadadi*

Peter Lianides
Charles Liu
Robert E. Opera
Marc J. Winthrop
Sean O'Keefe*

*Of Counsel

660 NEWPORT CENTER DRIVE, FOURTH FLOOR • NEWPORT BEACH • CALIFORNIA • 92660 • TEL: (949) 720-4100 • FAX: (949) 720-4111

September 1, 2009

<u>VIA FACSIMILE:  949-494-0236</u>
<u>VIA EMAIL - sbrenf1@aol.com</u>

Steven M. Bren
BaccHus Development, Inc.
8801 Research Drive
Irvine, CA 92618

Re:   **Legal Representation – Chapter 11**

Dear Steven:

This will confirm the financial terms pursuant to which Winthrop Couchot Professional Corporation (the "Firm") has agreed to represent BaccHus Development, Inc. (the "Debtor") as its counsel in connection with a Chapter 11 bankruptcy case to be filed in the United States Bankruptcy Court for the Central District of California, Santa Ana ("Bankruptcy Court").

The Firm will act as the Debtor's general insolvency counsel and will render such ordinary and necessary legal services as may be required in connection with the Debtor's Chapter 11 case, including the following:  assistance in the preparation of the petition, Schedule of Assets and Liabilities, Statement of Financial Affairs, and the other documents that will have to be filed with the Bankruptcy Court and/or the Office of the United States Trustee; assistance in the preparation of any motions, applications, actions or proceedings to be filed in the Bankruptcy Court in connection with the reorganization of the Debtor; advice with respect to the preparation of a disclosure statement and Chapter 11 plan for the Debtor; assistance with respect to the negotiation and confirmation of a Chapter 11 plan; appearing at meetings of creditors; and otherwise advising the Debtor regarding the Debtor's legal rights and responsibilities under the Bankruptcy Code and the Bankruptcy Rules.

The Firm's employment as reorganization counsel to the Debtor does not include the following: appearances before any court or agency, other than the Bankruptcy Court and the Office of the United States Trustee; litigation in the Bankruptcy Court with respect to matters which are, primarily, disputes involving issues of nonbankruptcy law; or the providing of advice outside the insolvency area, such as in the areas of corporate, partnership, consumer protection, tax, securities, tort, insurance, environmental, labor, regulatory, health care, intellectual property, criminal, administrative, suretyship or real

MAINDOCS-#133157-v1-BaccHusDevelopmentCh11RetainerLetter

**Winthrop Couchot**
Professional Corporation

Page 2

estate law.  The limited scope of our employment does not include giving attention to, forming professional opinions as to, or advising the Debtor with respect to, its obligations, if any, under federal or state securities laws or other nonbankruptcy laws or agreements.

The Debtor has retained the Firm to represent the Debtor as Debtor –in-possession in the Debtor's Chapter 11 case.  The Debtor understands and agrees that the Firm represents only the Debtor, and will not represent any of the Debtor's affiliated companies, principals, or "insiders" (as such term is defined in Bankruptcy Code Section 101(31)).

We have advised you that BaccHus Development, Inc. is an entity that is legally distinct from any of the officers, directors, shareholders, or employees of the Debtor.  As counsel for the Debtor in its Chapter 11 case, the Firm can represent only BaccHus Development, Inc., in its Chapter 11 case and cannot also represent you, or any of the other officers, directors, shareholders or employees of BaccHus Development, Inc.  You have acknowledged and agreed that, during the course of the Firm's representation of BaccHus Development, Inc., the Firm's allegiance will be owed solely to BaccHus Development, Inc., and not to you or to any of the other officers, directors or employees of BaccHus Development, Inc.  In the event that any conflict should arise between BaccHus Development, Inc., and you, or between BaccHus Development, Inc., and any other officer, director, shareholder or employee of BaccHus Development, Inc., the Firm will represent only BaccHus Development, Inc., and you or the other officer, director, shareholder or employee of BaccHus Development, Inc., may be required to retain separate counsel to represent your interest therein.

The Debtor agrees to make its officers, directors, principals, and other insiders available to the Firm to assist in factual inquiries and factual determinations, court determinations, transactions and dealings in relation to the subject matters with regard to which the Debtor has retained the Firm.  The Firm reserves the right to terminate its representation of the Debtor if the Debtor does not adequately cooperate with the Firm in the accomplishment of the objectives with regard to which the Debtor has retained the Firm.

The Firm's charges for legal fees are based upon the hourly rate of the particular attorney, paralegal or case assistant involved, with the range of hourly rates in the Firm being between $95 and $650 per hour.  A schedule of the Firm's 2009 rates is attached hereto.  The Firm's billing rates are reviewed by the members of the Firm on a semi-annual basis and are subject to adjustment.  Detailed billing statements are prepared by computer from the case assistant's, paralegal's or attorney's daily time sheets.  In addition to professional fees, the Firm's billing statement will include itemized entries for costs and expenses incurred on the Debtor's behalf, such as facsimile charges, telephone charges, copying charges, deposition fees, computerized legal research fees, messenger service fees, travel expenses and filing fees.



Page 3

The Debtor will receive a copy of the Firm's invoice with respect to the Debtor's case on a monthly basis. The Firm urges the Debtor to review the invoice carefully and to raise with the Firm any questions that the Debtor may have with regard to any aspect of the invoice. It is the Firm's desire not only to represent the Debtor in a professional manner concerning the legal aspects of the Debtor's case, but also to have the financial aspects of the cases handled in a manner which is satisfactory to both the Debtor and the Firm.

The Firm has received $20,000 as a retainer payment ("Retainer") to pay for the Firm's fees and costs associated with the Debtor's Chapter 11 filings, and with the Firm's representation of the Debtor in connection with the Debtor's Chapter 11 cases. The Firm will have a security interest in any portion of the Retainer which is not earned at any given time and it is our mutual agreement that the Retainer will be used solely for the purpose of paying the fees and costs owed to the Firm in connection with its representation of the Debtor in the Debtor's Chapter 11 cases.

In accordance with the guidelines set forth by the Office of the United States Trustee, the Retainer will be held in trust by the Firm and will be disbursed by the Firm only in accordance with the Professional Fee Statement guidelines promulgated by the Office of the United States Trustee ("U.S. Trustee Guidelines"). In accordance with the U.S. Trustee Guidelines, the Firm will file a copy of its monthly invoice with the Bankruptcy Court and send copies of the invoice to the Debtor, to the Office of the United States Trustee, to any secured creditors, and to the attorneys for any creditors' committee appointed in the Debtor's case, or if there is no creditors' committee, to the holders of the 20 largest general unsecured claims in the case. If no written objection is filed with respect to the amount of the Firm's monthly invoice within ten (10) days of the sending of the invoice to the various parties-in-interest, the Firm will withdraw from its trust account the amount of fees and costs represented by that monthly invoice and will pay to itself those sums.

As the Firm has advised the Debtor, the amount of the Retainer will in all likelihood not cover the total fees and costs which will be incurred by the Debtor in connection with its Chapter 11 case. The Firm has agreed to represent the Debtor in its Chapter 11 cases in reliance upon the Debtor's agreement to fund monthly the Firm's accruing fees and costs once the amount of the Retainer is exhausted. The Firm will file each month, in accordance with the U.S. Trustee Guidelines, the Firm's Professional Fee Statements in order to draw down on such replenished Retainer. The Debtor agrees that the Firm's projected fees will be reflected in the Debtor's operating budgets which will be submitted to the Bankruptcy Court in connection with the Debtor's motion for authorization to use cash collateral.

The Firm will apply to the Bankruptcy Court, approximately every 120 days, to obtain Bankruptcy Court approval of the Firm's fees and costs. In accordance with governing bankruptcy case law, the Firm will be entitled to be compensated for its time



Page 4

and costs in the preparation of such application and in connection with any hearing which is held with respect to such application. The Debtor will have notice of each fee application hearing and an opportunity to object to the Firm's fee application if the Debtor does not agree with the position taken by the Firm at that hearing with respect to the amount of fees to which the Firm is entitled. The Debtor will have the right, if the Debtor so desires, to be represented by separate legal counsel at the fee application hearing with respect to any objection that the Debtor may have to the amount of fees being requested by the Firm.

The Firm maintains a policy that it does not provide opinion letters to its clients or to others who may desire to rely on such letters.

While confidential communications between the Debtor and its counsel are privileged, the filing of a bankruptcy case may have an impact upon the attorney-client privilege. Specifically, if a trustee is appointed in the Debtor's bankruptcy case, the trustee may be able to obtain from the Firm information communicated between the Debtor and the Firm.

After the conclusion of this matter, the Firm will retain the files and records pertaining thereto for a period of five (5) years, after which time the Firm may have such files and records destroyed. If the Debtor desire to have its files and records maintained beyond five (5) years after the Debtor's matter is concluded, separate arrangements with the Firm must be made.

The Firm may refer the Debtor to professionals, service providers, product vendors or others who may provide to the Debtor goods or render services to the Debtor in connection with the matters in relation to which the Debtor have retained the Firm ("Third Party Providers"). The Debtor may select Third Party Providers other than those referred or recommended to the Debtor by the Firm. We do not guarantee the performance of the Third Party Providers and it is understood that the Debtor agree to hold the Firm harmless from any misfeasance, malfeasance, nonfeasance and the like of Third Party Providers recommended to the Debtor by the Firm.

The Debtor may discharge the Firm at any time. The Firm may withdraw at any time with the Debtor's consent or for good cause without the Debtor's consent. Good cause includes the breach of this agreement (including the failure to pay any statement when due), the failure or refusal to cooperate with us, or any fact or circumstance that would render our continuing representation of the Debtor unlawful or unethical.

The Firm maintains errors and omissions insurance coverage applicable to the services to be rendered hereunder. That coverage complies with the requirements imposed by California Business and Professions Code Sections 6147(a)(6) and 6148(a)(4).



Page 5

       Please acknowledge that, on the Debtor's behalf, you have read and agree with the terms and conditions set forth herein by executing the enclosed copy of this letter, and by returning the same to the Firm.  We look forward to the opportunity to represent the Debtor in connection with these matters and will do everything in our power to assist the Debtor in achieving successful results in their cases.

                    Yours very truly,

                    **WINTHROP COUCHOT**
                    **PROFESSIONAL CORPORATION**


                    Marc J. Winthrop

MJW:PJ



Page 6

## ACCEPTANCE

On behalf of BaccHus Development, Inc., I hereby acknowledge receipt of this legal services retainer letter and acknowledge that I have carefully read it and understand it fully.

Based upon this understanding, the Debtor desires to retain Winthrop Couchot Professional Corporation to perform the requested legal services and also expressly agrees to comply with and be fully bound by each and every term and condition set forth in this letter.

DATED:  September 1, 2009       **BACCHUS DEVELOPMENT, INC.**

By:_____
      Steven M. Bren
Its: President

24



Page 7

**WINTHROP COUCHOT**
**Professional Corporation**

Hourly Billing Rates

**ATTORNEYS, LEGAL ASSISTANTS AND LAW CLERKS**
**EFFECTIVE:  January 1, 2009**

| **Attorneys** | **Hourly Rates** |
|---|---|
| Marc J. Winthrop | $ 650.00 |
| Robert E. Opera | 625.00 |
| Sean A. O'Keefe, Of Counsel | 625.00 |
| Paul J. Couchot | 595.00 |
| Richard H. Golubow | 450.00 |
| Peter W. Lianides | 450.00 |
| Garrick A. Hollander | 450.00 |
| Charles Liu | 425.00 |
| Kavita Gupta, Of Counsel | 350.00 |
| Payam Khodadadi | 300.00 |
| Lindy Herman | 250.00 |
| **Legal Assistants** | |
| P.J. Marksbury | 205.00 |
| Legal Assistant Associates | 95.00 |

NOTICE:  The Firm is entitled to charge 10% per annum interest on unpaid monthly invoice balances or on fees and costs awarded and ordered paid by the Court, but which remain unpaid.  In fee application cases, interest begins accruing on the first day of the month following the date upon which a fee order becomes effective if payment is not received by then, either from retainer funds or from other funds of the debtor.



| | Paul J. Couchot | Peter Lianides |
| | Richard H. Golubow | Charles Liu |
| | Kavita Gupta* | Robert E. Opera |
| | Garrick A. Hollander | Marc J. Winthrop |
| | Payam Khodadadi* | Sean O'Keefe* |

*Of Counsel

660 NEWPORT CENTER DRIVE, FOURTH FLOOR • NEWPORT BEACH • CALIFORNIA • 92660 • TEL: (949) 720-4100 • FAX: (949) 720-4111

August 31, 2009

**VIA EMAIL** - Via email: sbrenf1@aol.com

Steven M. Bren
BaccHus Investment Group, LLC
8801 Research Drive
Irvine, CA 92618

Re:   **Legal Representation – Chapter 11**

Dear Steven:

This will confirm the financial terms pursuant to which Winthrop Couchot Professional Corporation (the "Firm") has agreed to represent BaccHus Investment Group, LLC (the "Debtor") as its counsel in connection with a Chapter 11 bankruptcy case to be filed in the United States Bankruptcy Court for the Central District of California, Santa Ana ("Bankruptcy Court").

The Firm will act as the Debtor's general insolvency counsel and will render such ordinary and necessary legal services as may be required in connection with the Debtor's Chapter 11 case, including the following:  assistance in the preparation of the petition, Schedule of Assets and Liabilities, Statement of Financial Affairs, and the other documents that will have to be filed with the Bankruptcy Court and/or the Office of the United States Trustee; assistance in the preparation of any motions, applications, actions or proceedings to be filed in the Bankruptcy Court in connection with the reorganization of the Debtor; advice with respect to the preparation of a disclosure statement and Chapter 11 plan for the Debtor; assistance with respect to the negotiation and confirmation of a Chapter 11 plan; appearing at meetings of creditors; and otherwise advising the Debtor regarding the Debtor's legal rights and responsibilities under the Bankruptcy Code and the Bankruptcy Rules.

The Firm's employment as reorganization counsel to the Debtor does not include the following: appearances before any court or agency, other than the Bankruptcy Court and the Office of the United States Trustee; litigation in the Bankruptcy Court with respect to matters which are, primarily, disputes involving issues of nonbankruptcy law; or the providing of advice outside the insolvency area, such as in the areas of corporate, partnership, consumer protection, tax, securities, tort, insurance, environmental, labor, regulatory, health care, intellectual property, criminal, administrative, suretyship or real estate law.  The limited scope of our employment does not include giving attention to,

MAINDOCS-#133144-v1-BaccHusInvestmentCh11RetainerLetter



Page 2

forming professional opinions as to, or advising the Debtor with respect to, its obligations, if any, under federal or state securities laws or other nonbankruptcy laws or agreements.

The Debtor has retained the Firm to represent the Debtor as Debtor –in-possession in the Debtor's Chapter 11 case. The Debtor understands and agrees that the Firm represents only the Debtor, and will not represent any of the Debtor's affiliated companies, principals, or "insiders" (as such term is defined in Bankruptcy Code Section 101(31)).

We have advised you that BaccHus Investment Group, LLC, is an entity that is legally distinct from any of the officers, directors, shareholders, or employees of the Debtor. As counsel for the Debtor in its Chapter 11 case, the Firm can represent only BaccHus Investment Group, LLC, in its Chapter 11 case and cannot also represent you, or any of the other officers, directors, shareholders or employees of BaccHus Investment Group, LLC. You have acknowledged and agreed that, during the course of the Firm's representation of BaccHus Investment Group, LLC, the Firm's allegiance will be owed solely to BaccHus Investment Group, LLC, and not to you or to any of the other officers, directors or employees of BaccHus Investment Group, LLC. In the event that any conflict should arise between BaccHus Investment Group, LLC, and you, or between BaccHus Investment Group, LLC, and any other officer, director, shareholder or employee of BaccHus Investment Group, LLC, the Firm will represent only BaccHus Investment Group, LLC, and you or the other officer, director, shareholder or employee of BaccHus Investment Group, LLC, may be required to retain separate counsel to represent your interest therein.

The Debtor agrees to make its officers, directors, principals, and other insiders available to the Firm to assist in factual inquiries and factual determinations, court determinations, transactions and dealings in relation to the subject matters with regard to which the Debtor has retained the Firm. The Firm reserves the right to terminate its representation of the Debtor if the Debtor does not adequately cooperate with the Firm in the accomplishment of the objectives with regard to which the Debtor has retained the Firm.

The Firm's charges for legal fees are based upon the hourly rate of the particular attorney, paralegal or case assistant involved, with the range of hourly rates in the Firm being between $95 and $650 per hour. A schedule of the Firm's 2009 rates is attached hereto. The Firm's billing rates are reviewed by the members of the Firm on a semi-annual basis and are subject to adjustment. Detailed billing statements are prepared by computer from the case assistant's, paralegal's or attorney's daily time sheets. In addition to professional fees, the Firm's billing statement will include itemized entries for costs and expenses incurred on the Debtor's behalf, such as facsimile charges, telephone charges, copying charges, deposition fees, computerized legal research fees, messenger service fees, travel expenses and filing fees.



Page 3

The Debtor will receive a copy of the Firm's invoice with respect to the Debtor's case on a monthly basis. The Firm urges the Debtor to review the invoice carefully and to raise with the Firm any questions that the Debtor may have with regard to any aspect of the invoice. It is the Firm's desire not only to represent the Debtor in a professional manner concerning the legal aspects of the Debtor's case, but also to have the financial aspects of the cases handled in a manner which is satisfactory to both the Debtor and the Firm.

The Firm has received $75,000 from the Debtor as retainer payment ("Retainer") to pay for the Firm's fees and costs associated with the Debtor's Chapter 11 filings, and with the Firm's representation of the Debtor in connection with the Debtor's Chapter 11 cases. The Firm will have a security interest in any portion of the Retainer which is not earned at any given time and it is our mutual agreement that the Retainer will be used solely for the purpose of paying the fees and costs owed to the Firm in connection with its representation of the Debtor in the Debtor's Chapter 11 cases.

In accordance with the guidelines set forth by the Office of the United States Trustee, the Retainer will be held in trust by the Firm and will be disbursed by the Firm only in accordance with the Professional Fee Statement guidelines promulgated by the Office of the United States Trustee ("U.S. Trustee Guidelines"). In accordance with the U.S. Trustee Guidelines, the Firm will file a copy of its monthly invoice with the Bankruptcy Court and send copies of the invoice to the Debtor, to the Office of the United States Trustee, to any secured creditors, and to the attorneys for any creditors' committee appointed in the Debtor's case, or if there is no creditors' committee, to the holders of the 20 largest general unsecured claims in the case. If no written objection is filed with respect to the amount of the Firm's monthly invoice within ten (10) days of the sending of the invoice to the various parties-in-interest, the Firm will withdraw from its trust account the amount of fees and costs represented by that monthly invoice and will pay to itself those sums.

As the Firm has advised the Debtor, the amount of the Retainer will in all likelihood not cover the total fees and costs which will be incurred by the Debtor in connection with its Chapter 11 case. The Firm has agreed to represent the Debtor in its Chapter 11 cases in reliance upon the Debtor's agreement to fund monthly the Firm's accruing fees and costs once the amount of the Retainer is exhausted. The Firm will file each month, in accordance with the U.S. Trustee Guidelines, the Firm's Professional Fee Statements in order to draw down on such replenished Retainer. The Debtor agrees that the Firm's projected fees will be reflected in the Debtor's operating budgets which will be submitted to the Bankruptcy Court in connection with the Debtor's motion for authorization to use cash collateral.

The Firm will apply to the Bankruptcy Court, approximately every 120 days, to obtain Bankruptcy Court approval of the Firm's fees and costs. In accordance with governing bankruptcy case law, the Firm will be entitled to be compensated for its time



Page 4

and costs in the preparation of such application and in connection with any hearing which is held with respect to such application. The Debtor will have notice of each fee application hearing and an opportunity to object to the Firm's fee application if the Debtor does not agree with the position taken by the Firm at that hearing with respect to the amount of fees to which the Firm is entitled. The Debtor will have the right, if the Debtor so desires, to be represented by separate legal counsel at the fee application hearing with respect to any objection that the Debtor may have to the amount of fees being requested by the Firm.

The Firm maintains a policy that it does not provide opinion letters to its clients or to others who may desire to rely on such letters.

While confidential communications between the Debtor and its counsel are privileged, the filing of a bankruptcy case may have an impact upon the attorney-client privilege. Specifically, if a trustee is appointed in the Debtor's bankruptcy case, the trustee may be able to obtain from the Firm information communicated between the Debtor and the Firm.

After the conclusion of this matter, the Firm will retain the files and records pertaining thereto for a period of five (5) years, after which time the Firm may have such files and records destroyed. If the Debtor desire to have its files and records maintained beyond five (5) years after the Debtor's matter is concluded, separate arrangements with the Firm must be made.

The Firm may refer the Debtor to professionals, service providers, product vendors or others who may provide to the Debtor goods or render services to the Debtor in connection with the matters in relation to which the Debtor have retained the Firm ("Third Party Providers"). The Debtor may select Third Party Providers other than those referred or recommended to the Debtor by the Firm. We do not guarantee the performance of the Third Party Providers and it is understood that the Debtor agree to hold the Firm harmless from any misfeasance, malfeasance, nonfeasance and the like of Third Party Providers recommended to the Debtor by the Firm.

The Debtor may discharge the Firm at any time. The Firm may withdraw at any time with the Debtor's consent or for good cause without the Debtor's consent. Good cause includes the breach of this agreement (including the failure to pay any statement when due), the failure or refusal to cooperate with us, or any fact or circumstance that would render our continuing representation of the Debtor unlawful or unethical.

The Firm maintains errors and omissions insurance coverage applicable to the services to be rendered hereunder. That coverage complies with the requirements imposed by California Business and Professions Code Sections 6147(a)(6) and 6148(a)(4).



Page 5

      Please acknowledge that, on the Debtor's behalf, you have read and agree with the terms and conditions set forth herein by executing the enclosed copy of this letter, and by returning the same to the Firm.  We look forward to the opportunity to represent the Debtor in connection with these matters and will do everything in our power to assist the Debtor in achieving successful results in their cases.

                          Yours very truly,

                          **WINTHROP COUCHOT**
                          **PROFESSIONAL CORPORATION**

                          Marc J. Winthrop

MJW:vc



Page 6

## ACCEPTANCE

On behalf of BaccHus Investment Group, LLC, I hereby acknowledge receipt of this legal services retainer letter and acknowledge that I have carefully read it and understand it fully.

Based upon this understanding, the Debtor desires to retain Winthrop Couchot Professional Corporation to perform the requested legal services and also expressly agrees to comply with and be fully bound by each and every term and condition set forth in this letter.

DATED: August __, 2009          **BACCHUS INVESTMENT GROUP, LLC**

By: _____
                   Steven M. Bren
Its: _____



| | Paul J. Couchot | Peter Lianides |
| --- | --- | --- |
| | Richard H. Golubow | Charles Liu |
| | Kavita Gupta* | Robert E. Opera |
| | Garrick A. Hollander | Marc J. Winthrop |
| | Payam Khodadadi* | Sean O'Keefe* |

*Of Counsel

660 NEWPORT CENTER DRIVE, FOURTH FLOOR • NEWPORT BEACH • CALIFORNIA • 92660 • TEL: (949) 720-4100 • FAX: (949) 720-4111

August 31, 2009

**VIA EMAIL** - Via email: sbrenf1@aol.com

Steven M. Bren
BaccHus Commercial, LLC
8801 Research Drive
Irvine, CA 92618

Re:   **Legal Representation – Chapter 11**

Dear Steven:

This will confirm the financial terms pursuant to which Winthrop Couchot Professional Corporation (the "Firm") has agreed to represent BaccHus Commercial, LLC (the "Debtor") as its counsel in connection with a Chapter 11 bankruptcy case to be filed in the United States Bankruptcy Court for the Central District of California, Santa Ana ("Bankruptcy Court").

The Firm will act as the Debtor's general insolvency counsel and will render such ordinary and necessary legal services as may be required in connection with the Debtor's Chapter 11 case, including the following:  assistance in the preparation of the petition, Schedule of Assets and Liabilities, Statement of Financial Affairs, and the other documents that will have to be filed with the Bankruptcy Court and/or the Office of the United States Trustee; assistance in the preparation of any motions, applications, actions or proceedings to be filed in the Bankruptcy Court in connection with the reorganization of the Debtor; advice with respect to the preparation of a disclosure statement and Chapter 11 plan for the Debtor; assistance with respect to the negotiation and confirmation of a Chapter 11 plan; appearing at meetings of creditors; and otherwise advising the Debtor regarding the Debtor's legal rights and responsibilities under the Bankruptcy Code and the Bankruptcy Rules.

The Firm's employment as reorganization counsel to the Debtor does not include the following: appearances before any court or agency, other than the Bankruptcy Court and the Office of the United States Trustee; litigation in the Bankruptcy Court with respect to matters which are, primarily, disputes involving issues of nonbankruptcy law; or the providing of advice outside the insolvency area, such as in the areas of corporate, partnership, consumer protection, tax, securities, tort, insurance, environmental, labor, regulatory, health care, intellectual property, criminal, administrative, suretyship or real estate law.  The limited scope of our employment does not include giving attention to,

MAINDOCS-#133141-v1-BaccHusCommericalCH11RetainerLetter

32



Page 2

forming professional opinions as to, or advising the Debtor with respect to, its obligations, if any, under federal or state securities laws or other nonbankruptcy laws or agreements.

The Debtor has retained the Firm to represent the Debtor as Debtor –in-possession in the Debtor's Chapter 11 case. The Debtor understands and agrees that the Firm represents only the Debtor, and will not represent any of the Debtor's affiliated companies, principals, or "insiders" (as such term is defined in Bankruptcy Code Section 101(31)).

We have advised you that BaccHus Commercial, LLC, is an entity that is legally distinct from any of the officers, directors, shareholders, or employees of the Debtor. As counsel for the Debtor in its Chapter 11 case, the Firm can represent only BaccHus Commercial, LLC, in its Chapter 11 case and cannot also represent you, or any of the other officers, directors, shareholders or employees of BaccHus Commercial, LLC. You have acknowledged and agreed that, during the course of the Firm's representation of BaccHus Commercial, LLC, the Firm's allegiance will be owed solely to BaccHus Commercial, LLC, and not to you or to any of the other officers, directors or employees of BaccHus Commercial, LLC. In the event that any conflict should arise between BaccHus Commercial, LLC, and you, or between BaccHus Commercial, LLC, and any other officer, director, shareholder or employee of BaccHus Commercial, LLC, the Firm will represent only BaccHus Commercial, LLC, and you or the other officer, director, shareholder or employee of BaccHus Commercial, LLC, may be required to retain separate counsel to represent your interest therein.

The Debtor agrees to make its officers, directors, principals, and other insiders available to the Firm to assist in factual inquiries and factual determinations, court determinations, transactions and dealings in relation to the subject matters with regard to which the Debtor has retained the Firm. The Firm reserves the right to terminate its representation of the Debtor if the Debtor does not adequately cooperate with the Firm in the accomplishment of the objectives with regard to which the Debtor has retained the Firm.

The Firm's charges for legal fees are based upon the hourly rate of the particular attorney, paralegal or case assistant involved, with the range of hourly rates in the Firm being between $95 and $650 per hour. A schedule of the Firm's 2009 rates is attached hereto. The Firm's billing rates are reviewed by the members of the Firm on a semi-annual basis and are subject to adjustment. Detailed billing statements are prepared by computer from the case assistant's, paralegal's or attorney's daily time sheets. In addition to professional fees, the Firm's billing statement will include itemized entries for costs and expenses incurred on the Debtor's behalf, such as facsimile charges, telephone charges, copying charges, deposition fees, computerized legal research fees, messenger service fees, travel expenses and filing fees.



Page 3

The Debtor will receive a copy of the Firm's invoice with respect to the Debtor's case on a monthly basis. The Firm urges the Debtor to review the invoice carefully and to raise with the Firm any questions that the Debtor may have with regard to any aspect of the invoice. It is the Firm's desire not only to represent the Debtor in a professional manner concerning the legal aspects of the Debtor's case, but also to have the financial aspects of the cases handled in a manner which is satisfactory to both the Debtor and the Firm.

The Firm has received $200,000 from the Debtor as retainer payment ("Retainer") to pay for the Firm's fees and costs associated with the Debtor's Chapter 11 filings, and with the Firm's representation of the Debtor in connection with the Debtor's Chapter 11 cases. The Firm will have a security interest in any portion of the Retainer which is not earned at any given time and it is our mutual agreement that the Retainer will be used solely for the purpose of paying the fees and costs owed to the Firm in connection with its representation of the Debtor in the Debtor's Chapter 11 cases.

In accordance with the guidelines set forth by the Office of the United States Trustee, the Retainer will be held in trust by the Firm and will be disbursed by the Firm only in accordance with the Professional Fee Statement guidelines promulgated by the Office of the United States Trustee ("U.S. Trustee Guidelines"). In accordance with the U.S. Trustee Guidelines, the Firm will file a copy of its monthly invoice with the Bankruptcy Court and send copies of the invoice to the Debtor, to the Office of the United States Trustee, to any secured creditors, and to the attorneys for any creditors' committee appointed in the Debtor's case, or if there is no creditors' committee, to the holders of the 20 largest general unsecured claims in the case. If no written objection is filed with respect to the amount of the Firm's monthly invoice within ten (10) days of the sending of the invoice to the various parties-in-interest, the Firm will withdraw from its trust account the amount of fees and costs represented by that monthly invoice and will pay to itself those sums.

As the Firm has advised the Debtor, the amount of the Retainer will in all likelihood not cover the total fees and costs which will be incurred by the Debtor in connection with its Chapter 11 case. The Firm has agreed to represent the Debtor in its Chapter 11 cases in reliance upon the Debtor's agreement to fund monthly the Firm's accruing fees and costs once the amount of the Retainer is exhausted. The Firm will file each month, in accordance with the U.S. Trustee Guidelines, the Firm's Professional Fee Statements in order to draw down on such replenished Retainer. The Debtor agrees that the Firm's projected fees will be reflected in the Debtor's operating budgets which will be submitted to the Bankruptcy Court in connection with the Debtor's motion for authorization to use cash collateral.

The Firm will apply to the Bankruptcy Court, approximately every 120 days, to obtain Bankruptcy Court approval of the Firm's fees and costs. In accordance with governing bankruptcy case law, the Firm will be entitled to be compensated for its time



Page 4

and costs in the preparation of such application and in connection with any hearing which is held with respect to such application. The Debtor will have notice of each fee application hearing and an opportunity to object to the Firm's fee application if the Debtor does not agree with the position taken by the Firm at that hearing with respect to the amount of fees to which the Firm is entitled. The Debtor will have the right, if the Debtor so desires, to be represented by separate legal counsel at the fee application hearing with respect to any objection that the Debtor may have to the amount of fees being requested by the Firm.

The Firm maintains a policy that it does not provide opinion letters to its clients or to others who may desire to rely on such letters.

While confidential communications between the Debtor and its counsel are privileged, the filing of a bankruptcy case may have an impact upon the attorney-client privilege. Specifically, if a trustee is appointed in the Debtor's bankruptcy case, the trustee may be able to obtain from the Firm information communicated between the Debtor and the Firm.

After the conclusion of this matter, the Firm will retain the files and records pertaining thereto for a period of five (5) years, after which time the Firm may have such files and records destroyed. If the Debtor desire to have its files and records maintained beyond five (5) years after the Debtor's matter is concluded, separate arrangements with the Firm must be made.

The Firm may refer the Debtor to professionals, service providers, product vendors or others who may provide to the Debtor goods or render services to the Debtor in connection with the matters in relation to which the Debtor have retained the Firm ("Third Party Providers"). The Debtor may select Third Party Providers other than those referred or recommended to the Debtor by the Firm. We do not guarantee the performance of the Third Party Providers and it is understood that the Debtor agree to hold the Firm harmless from any misfeasance, malfeasance, nonfeasance and the like of Third Party Providers recommended to the Debtor by the Firm.

The Debtor may discharge the Firm at any time. The Firm may withdraw at any time with the Debtor's consent or for good cause without the Debtor's consent. Good cause includes the breach of this agreement (including the failure to pay any statement when due), the failure or refusal to cooperate with us, or any fact or circumstance that would render our continuing representation of the Debtor unlawful or unethical.

The Firm maintains errors and omissions insurance coverage applicable to the services to be rendered hereunder. That coverage complies with the requirements imposed by California Business and Professions Code Sections 6147(a)(6) and 6148(a)(4).



Page 5


Please acknowledge that, on the Debtor's behalf, you have read and agree with the terms and conditions set forth herein by executing the enclosed copy of this letter, and by returning the same to the Firm. We look forward to the opportunity to represent the Debtor in connection with these matters and will do everything in our power to assist the Debtor in achieving successful results in their cases.

Yours very truly,

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**


Marc J. Winthrop

MJW:vc



Page 6

## ACCEPTANCE

On behalf of BaccHus Commercial, LLC, I hereby acknowledge receipt of this legal services retainer letter and acknowledge that I have carefully read it and understand it fully.

Based upon this understanding, the Debtor desires to retain Winthrop Couchot Professional Corporation to perform the requested legal services and also expressly agrees to comply with and be fully bound by each and every term and condition set forth in this letter.


DATED:  August __, 2009                    **BACCHUS COMMERCIAL, LLC**

                                           By:_____
                                                Steven M. Bren
                                           Its:_____

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive., 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as **APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR AUTHORITY TO EMPLOY WINTHROP COUCHOT PROFESSIONAL CORPORATION AS GENERAL INSOLVENCY COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 2, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On October 2, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September _____, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 2, 2009 | Viann Corbin | /s/ Viann COrbin |
|---|---|---|
| Date | Type Name | Signature |

1

SERVICE LIST

2

NEF SERVICE LIST

3

- Richard W Brunette    rbrunette@sheppardmullin.com
- Jesse S Finlayson    jfinlayson@faw-law.com, wmills@faw-law.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Garrick A Hollander    sconnor@winthropcouchot.com
- Sean A Okeefe    sokeefe@okeefelc.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Marc J Winthrop    pj@winthropcouchot.com

4

5

6

7

8

**Manual Notice List**
- (No manual recipients)

9

SERVICE VIA FIRST CLASS MAIL

10

(Unless otherwise indicated)

11

12

| | | |
|---|---|---|
| Bacchus Group | U.S. Trustee's Office | Counsel to Secured Creditor   NEF |
| Steven M. Bren | Michael Hauser, Esq. | Sheppard Mullin Richter & Hampton LLP |
| 8801 Research Drive | 411 West Fourth Street | Richard W. Brunette, Esq. |
| Irvine, CA 92618 | Santa Ana, CA 92701 | Aaron J. Malo, Esq. |
| | | 333 South Hope St., 43rd Fl. |
| | | Los Angeles, CA 90071-1448 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMMENTS OF THE OFFICE OF THE UNITED STATES TRUSTEE**

| | THE UNITED STATES TRUSTEE TAKES NO POSITION. |
|---|---|
| | THE UNITED STATES TRUSTEE HAS NO OBJECTION. |
| | THE UNITED STATES TRUSTEE OBJECTS AND REQUESTS A HEARING. |
| | AN OBJECTION IS RAISED AS SET FORTH BELOW. |

COMMENTS:

DATED: _____    OFFICE OF THE UNITED STATES
TRUSTEE
By: _____
Name: _____

| CASE NAME: | Bacchus Development and its related entities |
|---|---|
| CASE NO. | 8:09-19457 RK jointly administered |
| NAME OF DOCUMENT | Application of Debtor and Debtor-in-Possession for Authority to Employ Winthrop Couchot Professional Corporation as General Insolvency Counsel; Memorandum of Points and Authorities and Declaration of Proposed Counsel in Support Thereof |

-21-